# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS M. NJOGU,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00944 SPM |
| | ) | |
| CATHERINE KYAKIO KAGOTHO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Francis Njogu's motion for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. The Court will grant the motion to proceed in forma pauperis in this action. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] The Clerk spelled plaintiff's last name as "Mjogu" on the Court docket. However, after review of the record, as well as Missouri Case.net, it is apparent that plaintiff's last name is properly spelled "Njogu." The Court will instruct the Clerk to update the docket with the proper spelling of plaintiff's last name.

Case: 4:24-cv-00944-SPM   Doc. #:  6   Filed: 08/21/24   Page: 2 of 5 PageID #: 86

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

2

**The Complaint**

Plaintiff Francis Njogu is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against the mother of his minor child, Catherine Kagotho. Plaintiff and defendant are both residents of the State of Missouri.

From review of the complaint, as well as the documents attached to the complaint, it appears that plaintiff and defendant are parents of fourteen (14) year-old female child, E.W.M. Plaintiff acknowledges that he lost custodial rights to his child in May of 2019.[2]

Despite losing custody of his daughter in 2019, plaintiff brings the present action asserting that his child's custodial parent is attempting to apply for a passport for his child, E.W.M., without his permission. He claims that he not only contacted the St. Louis Family Court to let the Judge presiding over his Parenting Plan know of the issue, but he also registered with the State Department to block defendant Kagotho's attempts to get his daughter a passport.[3]

Plaintiff seeks injunctive relief in this action.

**Discussion**

The crux of this case relates to child custody matters, and this Court lacks jurisdiction over child custody matters under the domestic relations exception to federal court jurisdiction. This exception, first recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. 582, 603 (1858), "divests the federal courts of jurisdiction over any action for which the subject is a

---

[2]Plaintiff filed a second action in this Court against the Family Court of St. Louis City in which he laments the loss of his custodial rights. *See Mjogu [sic] v. Family Court of Saint Louis Circuit Court,* No. 4:24-CV-01122 MTS (E.D.Mo.); *see also See E.W.M., et al. v. Njogu,* No. 14SL-DR07463-03 (21st Jud. Cir., St. Louis County Court).

[3]According to plaintiff he registered with the State Department's Children's Passport Issuance Alert Program, in which he swore, by signing the form seeking to prohibit his daughter from obtaining a passport, that he was "a concerned parent of [a] U.S. citizen child[], [her] appointed agent[], or other person[] having legal custody of the child."

divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court later explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861.

Furthermore, although plaintiff Njogu seeks an injunction from this Court to stop defendant Kagotho from applying from a passport for their daughter, the Court notes that plaintiff has acknowledged that he lacks custody over his daughter, while defendant has maintained full custody since 2019. Although federal regulations generally require both parents (or each of the minor's legal guardians) to execute a passport application for a minor under 16 years of age, *see* 22 C.F.R. § 51.28, the regulations permit, however, one parent or legal guardian to apply for the minor's passport if the applying parent provides either "[a] notarized written statement or affidavit from the non-applying parent or legal guardian ... consenting to the issuance of the passport" or "[d]ocumentary evidence that such person is the sole parent or has sole custody of the minor." 22 C.F.R. § 51.28(a)(3). In this case, defendant Kagotho has sole custody of plaintiff's daughter. Thus, she is entitled to apply for a passport for E.W.M. in accordance with the plain language of the Code of Federal Regulations. [4]

---

[4] Essentially, plaintiff is seeking an order from this Court that would overrule a custody determination already decided by the Family Court of St. Louis City, as he asks that this Court modify a Parenting Plan put in place by that Court to block Kagotho from legally obtaining a passport for E.W.M. These are matters of state law already decided in the Parenting Plan. *See Ex parte Burrus*, 136 U.S. at 593-94. Thus, the Court will abstain from exercising jurisdiction over this matter. *See Overman v. U.S.*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension."). Setting aside the domestic relations exception to federal jurisdiction, any review of the underlying state court decision

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the proper spelling of plaintiff's name: Francis M. Njogu.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

would also likely violate the *Rooker-Feldman* doctrine. The doctrine provides that, apart from habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023). Here, plaintiff explicitly challenges a state court judgment. The Court lacks subject matter jurisdiction over such a challenge. *Id.*